## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RENA, INC., a Nebraska Corporation, | Case No.: _____ |
| Plaintiff, | |
| vs. | COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES |
| CITY OF LINCOLN, a political Division of the State of Nebraska; LEIRION GAYLOR BAIRD, mayor of the City of Lincoln in her official capacity; PATRICIA D. LOPEZ, director of the Lincoln Health Department in her official capacity. | |
| Defendants. | |

COMES NOW the Plaintiff, Rena, Inc., a Nebraska corporation doing business in part as THE FOXY GENTLEMEN'S CLUB, hereby bring this action against the CITY OF LINCOLN, a municipal corporation, seeking a judgment declaration that portions of Lincoln-Lancaster County Heath Department Directed Health Measure 2015-15 ("Directive") and its application of Lincoln Municipal Code 8.18.140 ("Ordinance"), are *ultra vires* enactment preempted by State law and the Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution as well as certain provisions of the articles I and III of the Nebraska Constitution. The Plaintiff seeks an injunction against those unconstitutional enactments and associated practices. The Plaintiff further demand damages against the Defendants for losses occasioned by the unconstitutional application of the Directed Health Measure and practices against the Plaintiff. In support thereof, the Plaintiff states as follows:

### JURISDICTION

1. Defendants, acting under the color of its local ordinances, will deprive the Plaintiff of its rights guaranteed by the First and Fourteenth Amendments of the United States and 42 U.S.C. §§ 1983 and 1988.

2. Jurisdiction is proper under 28 U.S.C. §§1331 and 1343(a)(3)-(4) and 42 U.S.C. § 1983.

## VENUE

3. The Defendant City of Lincoln is located in the District of Nebraska, and Defendants Ms. Gaylor Baird and Ms. Lopez serve in their official capacities in Lincoln, Nebraska.

4. The Ordinance is a City of Lincoln ordinance enacted and enforceable only within the geographic limitation of the City of Lincoln, all of which is located within the District of Nebraska.

5. The Plaintiff's business, The Foxy Gentlemen's Club ("Foxy"), is located within the District of Nebraska.

6. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events and actions bringing rise to the Plaintiff's claims occurred and will occur in the City of Lincoln, within the District of Nebraska.

## STANDING

7. Plaintiff will suffer injury-in-fact if the Ordinance and Directive is not declared unconstitutional, arbitrary, and unenforceable, and the Defendant City of Lincoln's agents are not permanently enjoined from enforcing certain portions of the Directive and Ordinance against the Plaintiff.

8. Plaintiff will be prevented from engaging in constitutionally protected speech and other activities which will have a chilling effect on the speech of the Plaintiff and others.

9. Plaintiff is presently being subjected to extensive penal and monetary penalties as provided by the Directive and the Ordinance. The Plaintiff will be forced to choose between protected speech and activity and facing penalty on the one hand, or foregoing protected speech and activity on the other.

## PARTIES

10. Plaintiff, Rena, Inc., a Nebraska corporation doing business in part as Foxy.

11. Defendant City of Lincoln is a Nebraska political subdivision, a city of the primary class in the State of Nebraska. Enforcement of the Directive and Ordinance is an act performed by the agents of the Defendant City of Lincoln acting under the color of its municipal law, which constitutes an action within the meaning of the United States Constitution and 42 U.S.C. § 1983.

12. Defendant Leirion Gaylor Baird is the duly elected Mayor of the City of Lincoln, Nebraska, who authorizes the Defendant Patricia D. Lopez to act and create these mandated directed health measures.

13. Defendant Patricia D. Lopez is the current Director of the City of Lincoln Health Department and is the party that signed and authorized Lincoln-Lancaster County Heath Department Directed Health Measure 2015-15 in her official capacity for the City of Lincoln.

## STATEMENT OF FACTS

14. Foxy has operated at 1823 O Street in Lincoln, Nebraska under the ownership of Plaintiff since 2014 as a bar and adult entertainment business, providing partially nude live entertainment.

15. Foxy holds a liquor license through the Defendant City of Lincoln, as approved by the Defendant's City Council, and the Nebraska State Liquor Control Commission.

16. Foxy lies within the Defendant City of Lincoln and is normally subject to its various laws with respect to hours of operation.

17. Foxy has for many years operated its business well past 11:00 p.m., with those hours being fully compliant with various Defendant City of Lincoln's ordinances and state laws.

18. Plaintiff has a substantive property right in the continuation of its business, Foxy.

19. Nebraska law recognizes and protects the Plaintiff's substantive property rights in its existing business and its particular business formats, including hours of operation.

20. In response to the COVID-19 pandemic, both the State of Nebraska and the Defendant City of Lincoln enacted a series of orders. Initially, the Defendant's various closure orders imposed the lock-downs requiring businesses to close except for essential services.

21. The current Nebraska Department of Health and Human Services Directed Health Measure Order 2020 – LLHD 0-19, as authorized under Neb. Rev. Stat. §§ 71-502 and 81-601, has no restrictions to a business's hours of operation within the State of Nebraska.

22. The Defendant City of Lincoln's Directive was issued on December 17, 2020 by Defendant Lopez and states, in part, the following:

> Food, liquor, beer and wines sales at licensed restaurants, bars, taverns, private clubs, or other type of business regardless of the name or characterization ("Establishments") are restricted to no more than 50% of the rated maximum occupancy as established by the City of Lincoln Building and Safety Department, while maintaining six (6) feet of separation between groups of Patrons.
> . . . .
> **There shall be no sale at retail or dispensing of alcoholic liquor, including beer, for on-premises consumption between 10:45 p.m. CST and 6:00 a.m. CST. All alcoholic liquor, including beer, sold at retail, or dispensed must be removed and disposed of by 11:00 p.m. <u>All food and non-alcoholic drinks for on-premises consumption shall be removed and Establishments shall close by 11:00 p.m.</u>** An Establishment may remain open after 11:00 p.m. CST for the sale of off-sale alcoholic liquor, including beer, in accordance with City ordinance until 1:00 a.m. CST. There are no retail sale limits for take-out food orders or deliveries.

23. The Plaintiff's business income is derived from the hours of 11:00 p.m. to 2:00 a.m.

24. The Defendant City of Lincoln's continuing local restrictions on businesses has had a devastating financial impact on the Plaintiff's business and its employees.

25. The Defendant City of Lincoln's Directive is irrational and arbitrary on its face and lacks any legislative predicate for significant limitations placed on business establishments, such as the Foxy. The Plaintiff alleges that:

   a. There is no factual or logical basis to believe that COVID-19 is more likely to spread during late night hours as opposed to daytime hours; and

   b. There is no factual or logical basis to believe that COVID-19 is more likely to spread at businesses that serve food or alcoholic liquor as opposed to other businesses where people gather in large numbers in close proximity.

26. The Plaintiff's business, Foxy, is subject to the curfew established in the Defendant City of Lincoln's Directive mandating that the Plaintiff must close its business at 11:00 p.m.

27. The Plaintiff should not have to comply with the curfew because that portion of the Defendant City of Lincoln's Directive is contrary to state laws, represents an *ultra vires* act not authorized by law and is facially unconstitutional. As such, the Defendant City of Lincoln's Directive is void *ab initio* and cannot be enforced against the Plaintiff.

28. The Plaintiff is subject to the issuance of civil violations and the arrests of its managers and employees if they refuse to comply with the Defendant City of Lincoln's Directive.

29. The Plaintiff is suffering and will continue to suffer grievous economic injury in the form of lost profits and damage to good will as a result of the Defendant City of Lincoln's Directive's curfew. That economic injury is exacerbated because the Plaintiff's business was already under economic stress because of the COVID-19 epidemic as expressly recognized by Governor Pete Rickets and other Nebraska leaders.

30. The Plaintiff, its employees and its patrons are also suffering an infringement of their freedom of association as well as their privacy and liberty interests as they cannot travel to or assemble at the Plaintiff's business to enjoy the social comradery.

31. Other businesses, churches, government operations and other institutions are not subject to the 11:00 p.m. to 6:00 a.m. curfew and have not been forced to close their doors during those hours.

32. The disproportionate impact of the curfew has put the Plaintiff and its employees at a disadvantage in the "marketplace of ideas" as the Plaintiff cannot engage in speech and association which is permitted of similar speakers such as movie theaters and playhouses.

33. For the reasons set forth below, the curfew of the Defendant City of Lincoln's Directive is contrary to state law, conflicts with state law, are *ultra vires* acts not authorized by state law, and are violative of the Constitutions of the State of Nebraska and the United States.

34. As a political subdivision of the State of Nebraska, organized and operated under the laws of the State of Nebraska, the Defendant City of Lincoln and its agents were, and are, acting under color of state law and authority.

35. The Plaintiff has suffered damages as a direct result of the Defendant's Directive, practices and policies, and the unconstitutional and unlawful enforcement of this Directive, practices, and policies. The Plaintiff's damages consists of infringement upon its constitutional rights as well as monetary losses. The monetary losses include lost profits, carrying costs and injury to good will. The injury to good will is reflected in the continuing loss of patronage, even after the Plaintiff's business was allowed to reopen.

36. The Plaintiff is suffering irreparable injury and is threatened with irreparable injury in the future because they are presently subject to the curfew provisions of

the Defendant's Directive and risk substantial fines, arrests and closure of their businesses under that Order.

37. The Plaintiff's abilities to continue its operation and its ability to engage in free speech and assembly are being curtailed by the Defendant City of Lincoln's Directive and the threat of future closures, fines, and arrests, should an injunction not issue.

38. The harm that would be suffered by the Plaintiff without an injunction – the loss of their constitutional and statutory rights – exceeds any conceivable harm that the Defendant City of Lincoln would suffer if it is prohibited from enforcing its illegal Directive, policies, and practices.

39. A permanent injunction prohibiting the enforcement of the unconstitutional Directive, and those unconstitutional policies and practices, would not be contrary to the public interest.

## FIRST CLAIM OF RELIEF
### Void as Arbitrary and Capricious

40. The Plaintiff realleges and incorporates the facts set forth in paragraph 1 through 37 herein of this Complaint as if fully set forth.

41. This action is for declaratory relief and to enforce the rights under the United States Constitution through 42 U.S.C. § 1983.

42. The Defendant City of Lincoln's Directive is arbitrary and capricious and it is completely speculative that creating a curfew beginning at 11:00 p.m. somehow prevents the spread of COVID-19 for purposes of public health.

43. That the actions of the Defendant Patricia D. Lopez in creating the curfew in this Directive is void and unenforceable. *See, e.g. Hamman v. City of Omaha*, 227

Neb. 285, 417 N.W.2d 323 (1987); *Standard Oil Co. v. City of Kearney*, 106 Neb. 558, 184 N.W. 109 (1921).

## SECOND CLAIM OF RELIEF
### First Amendment Violation – Speech Rights

44. The Plaintiff realleges and incorporates the facts set forth in paragraph 1 through 37 herein of this Complaint as if fully set forth.

45. This action is for declaratory relief and to enforce the rights under the United States Constitution through 42 U.S.C. § 1983.

46. The Plaintiff maintains that the curfew provisions of the Defendant City of Lincoln's Directive are unconstitutional on their face and as applied to the Plaintiff because they violate the Plaintiff's First Amendment rights.

47. The performance attributes of Plaintiff's business, is protected by the First Amendment as a form of expressive speech and entertainment.

48. The speech conveyed by the Plaintiff is a trend specific to the industry of trendy bars and nightclubs and different in terms of both content and format that the message conveyed by other speakers, including other providers of entertainment.

49. The curfew imposed by the Directive only affects speakers who operate restaurants and establishments selling alcohol, and to no other businesses or institutions.

50. The curfew imposed by the Directive only affects speakers who operate restaurants and establishments selling alcohol and does not apply to other speakers.

51. The curfew is viewpoint based because it places certain speakers at a disadvantage compared to all other speakers.

52. The curfew provisions are not narrowly tailored or do not adopt the least restrictive means of regulation. The Executive Order was purportedly adopted to counter the threat posed by COVID-19. The Defendant's interest in protecting against the virus is fully met by the social distancing and sanitary regulations imposed on restaurants and other businesses, such as clubs, and restrictions on hours of operation do not further that interest.

53. There are alternative means of regulation which provide ready alternatives to the curfew without infringing so severely on speech. Those alternatives include increased sanitation and increased security to ensure compliance with masking and social distancing. This list is not meant to be comprehensive, but merely illustrates the ready availability of more speech-friendly means of regulation.

### THIRD CLAIM OF RELIEF
### First Amendment Violation – Underinclusive

54. The Plaintiff realleges and incorporates the facts set forth in paragraph 1 through 37 herein of this Complaint as if fully set forth.

55. This action is for declaratory relief and to enforce the rights under the United States Constitution through 42 U.S.C. § 1983.

56. One its face, the curfew imposed by the Directive is limited to restaurants and establishments selling alcohol.

57. The Directive's curfew limits not just the Plaintiff's economic activity, but also their ability to disseminate constitutionally protected speech and entertainment.

58. The Directive is unconstitutionally underinclusive. The Plaintiff alleges that the Directive inexplicably exclude a host of other similarly-situated speakers. In context of the COVID-19 pandemic, "similarly situated speakers" would include those who provide private entertainment to patrons inside buildings where social distancing is equivalent to what can be achieved in a restaurant and establishments selling alcohol.

59. The underinclusivity apparent on the face of the Directive demonstrates that the viewpoint-based nature of the regulation and requires this Court to apply strict scrutiny in evaluating the constitutionality of law.

60. The Directive cannot survive strict scrutiny because the Directive does not serve a compelling government interest and it does not adapt the least restrictive means of regulation.

## FOURTH CLAIM FOR RELIEF
### Violation of Equal Protection Clause

61. The Plaintiff realleges and incorporates the facts set forth in paragraph 1 through 37 herein of this Complaint as if fully set forth.

62. This action is for declaratory relief and to enforce the rights under the United States Constitution through 42 U.S.C. § 1983.

63. On its face, the curfew imposed by the Directive is limited to restaurants and establishments selling alcohol.

64. No other businesses are affected by the curfew including those which are similarly situated in terms of density and occupancy.

65. The Directive curfew limits not just the Plaintiff's economic activity, but also their abilities to disseminate constitutionally protected speech and entertainment.

11

66. The Defendant has not treated the Plaintiff and other establishments which sell food or alcohol equally, but rather has singled them out for special treatment different from all other similarly situated businesses, government facilities, and religious institutions.

67. There is no justification to treat the Plaintiff and other like establishments differently, and there is no rational basis for the difference in treatment.

68. This discrimination in this instance is both invidious and arbitrary.

69. The Plaintiff is engaged in activity which is presumptively protection by the First Amendment.

70. The Defendant's actions are subject to heightened scrutiny because their disparate treatment of the Plaintiff infringe upon a fundamental right – that of free speech.

71. There is no compelling reason to treat the Plaintiff differently from all other non-restaurants and non-alcohol selling businesses in the community.

72. The Plaintiff has a right to have this Court declare their rights under the Fourteenth Amendment as those rights are restricted and infringed by the policies, practices, and actions complained of herein.

## FIFTH CLAIM FOR RELIEF
## Violation of Nebraska Constitution

73. The Plaintiff realleges and incorporates the facts set forth in paragraph 1 through 37 herein of this Complaint as if fully set forth.

74. This action is for declaratory relief.

75. The Nebraska Constitution guarantees the right to assembly and to freely associate to Plaintiff.

76. The Directive directly infringes upon the Plaintiff's constitutionally protected rights.

77. Curfew ordinances are subject to strict scrutiny and cannot be sustained unless they are supported by a compelling government interest and are narrowly tailored to advance that interest.

78. The Directive's curfew is not supported by a compelling government interest. While preventing the spread of COVID-19 could be considered a compelling interest, that interest cannot support the Directive's curfew because nothing about the curfew is related to that interest. The Plaintiff allege the following particulars:

    a. The curfew only affects a minority of the City's businesses (restaurants and establishments selling alcohol) and none of its government facilities, all of which are at least likely to be sources of the virus, and, in short, is irrational and underinclusive as to be arbitrary and capricious.

    b. **There is no evidence to suggest that COVID-19 spreads more readily at night;** and

    c. The Defendant has already determined that occupancy restrictions, mask requirements, and social distancing are sufficient to allow mass gatherings, including gatherings in restaurants and bars/clubs during daylight hours, and there is no reason to believe that those efforts would fail or prove less efficacious at night.

79. The Directive's curfew is not narrowly tailored.

13

80. The curfew intrinsically interferes with the Plaintiff's rights of association and assembly. Because the curfew requires the Plaintiff to involuntarily close their business, the Directive physically prohibits the Plaintiff with association with their patrons and workers.

## REQUESTED RELIEF

81. That this Court enter a judgment declaring that the curfew provisions of the Directive are unconstitutional on their face as applied to the Plaintiff.

82. That this Court enter a judgment declaring that the curfew provisions of the Directive are arbitrary and capricious, and thus, void.

83. That this Court enter both a temporary and permanent injunction enjoining the Defendant City of Lincoln and its various agents and employees from enforcing the curfew provisions of the Directive against the Plaintiff and the Plaintiff's owners, directors, managers, and employees.

84. That this Court enter a judgment for compensatory damages against the Defendants and in favor of the Plaintiff to compensate the Plaintiff for their losses.

85. That this Court award the Plaintiff their recoverable costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988.

86. That this Court award the Plaintiff all other relief in law and equity to which it may be entitled.

**RENA, INC., Defendant**

By: /s/Carlos A. Monzon
Carlos A. Monzón, # 20453
1133 H Street

Lincoln, NE 68508
(402) 477-8188
Fax: (402) 477-8202

## VERIFICATION

The undersigned certifies that he is over 21 years of age, is of sound mind, and is duly authorized to make this Verification on behalf of Rena, Inc. as he has personal knowledge of the facts stated in the Verified Complaint. The undersigned further certifies that he has read the Verified Complaint and certifies that the facts contained therein are true and correct to the extent of his knowledge and belief.

_____
DONALD J. ARENA, President and authorized representative, Rena, Inc.